# Ex Parte Díaz.

Appeal from the District Court of San Juan.

Application for review.

No. 73.—Decided March 17, 1905.

Procedure—Application for Reconsideration.—Title 2 of Book 2 of the former Law of Civil Procedure, which authorizes applications for reconsideration, has been repealed, inasmuch as the provisions thereof are incompatible with the present Code of Civil Procedure.
Id.—New Trial.—Sections 220 and 226 of the Code of Civil Procedure govern the granting of new trials, and a motion for a new trial may be granted in a proper case only by the judge before whom the case was originally tried.
Id.—Substantive Law.—Section 7 of the Civil Code is not applicable to matters of procedure or adjective law, but only to substantive law.

The facts are set forth in the opinion.
Mr. Benítez Castaño, for petitioner.
Mr. Cuevillas, for opponent.
Mr. Justice Hernández delivered the opinion of the court.

On February 13 last Attorney Eugenio Benítez Castaño presented, on behalf of Acisclo Díaz Valcarcel, a petition praying this Supreme Court to order a review of the action brought by Díaz Valcarcel against Mauricio and Arturo Guerra, in the matter of an injunction to restrain the construction of a new work. It is alleged that a number of judgments were rendered in these proceedings, namely, one in favor of the defendant by the Court of First Instance of San Francisco, one for and another against the said defendant by the District Court of San Juan, and, finally, one by the Supreme Court dismissing the appeal in cassation for error of procedure and of law.

The petitioner submits a true copy of the judgment which he alleges the District Court of San Juan rendered on August 31, 1900, admitting the complaint in the injunction proceedings, which judgment is signed by Justices Juan R. Ramos,

Felipe Cuchí, and Angel Acosta, dissenting, without the order
of publication appearing to be authorized by any official what-
soever.

There has also been submitted another copy of a judgment
rendered by said court on September 24th of the said year,
which dismissed the said summary action, and which is signed
by Justices Juan R. Ramos and Felipe Cuchí, who dissented,
the former also authorizing over his signature the statement
that Justice Angel Acosta voted in court but did not wish to
sign.

From the latter judgment the two appeals in cassation
were taken which were dismissed by the Supreme Court, and
the petitioner bases his prayer for the review of the proceed-
ings principally on the fact that the case had already been
decided by the judgment of August 31st when that of Sep-
tember 24th was rendered, which was made the subject of the
appeals in cassation.   The petitioner submitted in support of
his statements copies of letters from Felipe Cuchí and Juan
R. Ramos, certified to in a notarial instrument, and a copy of
a notarial instrument containing the statements made on the
matter by Acosta and heard by Antonio Moreno Calderon.

Attorney Acisclo Díaz does not cite any legal authority
for the review of the proceeding in question, and at the hear-
ing he stated that while there is no law expressly supporting
his contention section 7 of the Civil Code may be applied to
the case, said section providing that ''When there is no
statute applicable to the case at issue the court shall decide
in accordance with equity, which means that natural justice,
as embodied in the general principles of jurisprudence and
in accepted and established usages and customs, shall be taken
into consideration.''

We have sought the laws which might be applicable to this
case and have found that Title XXII of book 2 of the former
Law of Civil Procedure authorizes an appeal for review, but
as the petitioner has not conformed to the provisions of said

title in formulating his petition; and, on the other hand, as this title has been repealed on account of being in conflict with the Code of Civil Procedure, approved on March 1st of last year, which went into effect on July 1st of the same year, the relief sought would not be granted if it were based on said law.

We have examined the new Code of Civil Procedure at present in force and we find in chapter 6 of Title IX, sections 220 to 226, provisions regulating the granting of new trials; but this court could not grant the review applied for under said provisions, as it could be granted only in a proper case by the judge who originally took cognizance of the former action.

There being as there are provisions which in certain specific cases authorized the holding of a new trial, it is useless to invoke section 7 of the Civil Code which is not applicable in matters of procedure, or in adjective law, but only when the decision of a question in substantive law is involved.

For the reasons stated we believe that we must deny the petition for review of the proceedings made by counsel for Acisclo Díaz Valcarcel.

*Petition denied.*

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Wolf also concurred, but stated that he did not agree with all the conclusions set forth in the opinion.